No. 26,302.

The Kansas City, Leavenworth & Western Railway Company, *Appellant*, v. The City of Leavenworth et al., *Appellees*.

### SYLLABUS BY THE COURT.

Municipal Corporation—*Ordinances—Construction—Liability for Repaving.* All of an ordinance granting to a railroad company the right to operate a street railroad in a city must be examined and considered to ascertain its meaning: *Held*, that the ordinance involved in this action, when so examined and considered, does not release the plaintiff from liability for repaving a certain street.

Appeal from Leavenworth district court; James H. Wendorff, judge. Opinion filed January 9, 1926. Affirmed.

*W. McCabe Moore*, of Kansas City, and *W. W. Hooper*, of Leavenworth, for the appellant.

*C. F. W. Dassler*, of Leavenworth, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The plaintiff commenced this action to enjoin the defendants from causing to be placed on the tax rolls of Leavenworth county an assessment of $6,078.65 to pay for repaving that part of Fourth street south of Elm street to Limit street in the city of Leavenworth between the rails of the plaintiff's railway tracks and one foot on each side thereof. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

In 1885, Fourth street was paved south to Thornton street, leaving that part of Fourth street south of Thornton street unpaved. More than one-half of that part of Fourth street situated south of Elm street was then paved. In 1906, the entire length of Fourth street was paved and repaved. While this paving and repaving were being done, the franchise under which the plaintiff is operating was granted by ordinance No. 2631. The parts of the ordinance material in the consideration of the questions presented read:

"Section 1. That the Kansas City Western Railway Company, its successors and assigns, are hereby granted for a term of twenty years from and after the enactment of this ordinance and the acceptance thereof, the right, privilege and franchise to construct, reconstruct, maintain and operate a single or double track electric, gasoline, motor or other similar power rail-

Municipal Corporations, 28 Cyc. p. 388 n. 99; 19 R. C. L. 858; 25 R. C. L. 1173.

way along the following-described routes, and upon, along and across the following-named streets in the city of Leavenworth, viz.:

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Sec. 7. That the grantee shall at all times pave and repave the spaces between its tracks and between the rails of the tracks, and for a distance of twelve inches on the outside of the rails in the same manner and at the same time the contiguous portions of the street may be paved or repaved, and the city may from time to time, determine the kind of pavement, the material thereof, and the manner of laying the same. All paving, repaving and other work on the streets of the city required of the grantee by this ordinance, shall at all times be kept in good condition and repair by it, and all such paving, repaving and work shall be done to the satisfaction and approval of the mayor and council and according to the plans and specifications of the city engineer when furnished.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Sec. 9. That if the grantee shall fail or neglect to make, renew and repair any pavements, or do any work or repair upon the streets that may be required of it, pursuant to any order of this city the same may be done by the city of Leavenworth or at its request or order at the expense wholly of the grantee.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Sec. 11. Upon five days' written notice from the city engineer, the grantee shall at its own expense, take up and remove such parts of its tracks and roadbed as may be necessary by reason of the grading or regrading of any street or alley, the construction of any sewer or public improvement, or the doing of any public work, and should it fail to do so, or unreasonably delay after commencing such removal, the mayor and council may cause the same to be done at the expense of the grantee. When the grade of any street on which the railway tracks may be is changed, the grantee, shall without claim for damage or compensation, conform its tracks to such changed grade; and when the grade of any intersecting street is changed, the city shall grade the approach thereto so as to make a practical grade for the said railway and the grantee shall conform to such change without compensation. The work of public improvement mentioned in this section shall be so performed so as to interfere as little as practicable with the operation of the street railway.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Sec. 27. Said grantee, its successors and assigns, in consideration of the rights and privileges herein granted, agree and promise to pay to the city of Leavenworth in cash the sum of nineteen thousand dollars for the paving and repaving of Fourth street and State street south of Elm to Limit and State streets."

The case turns on the construction of that ordinance. The plaintiff relies on section twenty-seven as though it stood by itself, and contends that by the payment of the $19,000 it was discharged

from any obligation thereafter to pave or repave any part of Fourth street south from Elm street to Limit and State streets.

The plaintiff's contract with the city is not contained in section twenty-seven alone. The contract is contained in the entire ordinance, and section twenty-seven must be read in connection with the remainder of the ordinance; all must be considered together. The meaning of the ordinance when so read and considered with the surrounding circumstances disclosed by the evidence is that by section twenty-seven the plaintiff was discharged from liability for paving and repaving Fourth street, south from Elm street to Limit street and State street under the improvements that were being made when the ordinance was passed. The ordinance did not discharge the plaintiff from liability for any paving or repaving thereafter ordered on any part of Elm street. Sections 7, 9, and 11 show that the plaintiff under its franchise is obligated to pay for paving between its tracks and one foot on each side thereof. That is what the city is undertaking to assess against the plaintiff's property, and which the plaintiff is seeking to enjoin. The plaintiff cannot recover.

The judgment is affirmed.